

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VERNON CANNON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:12-CV-833-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Vernon Cannon, a state prisoner currently incarcerated in Tennessee Colony, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

On June 8, 2006, a jury found petitioner guilty of capital murder in the Criminal District Court Number Two of Tarrant County, Texas, and the trial court assessed his punishment at

mandatory life imprisonment. (05SHR at 122[1]) Petitioner appealed his conviction, but the Second District Court of Appeals of Texas affirmed the trial court's judgment, and, on June 11, 2008, the Texas Court of Criminal Appeals refused his petition for discretionary review. (Id. at 124-38) Cannon v. Texas, PDR No. 149-08. Petitioner did not seek writ of certiorari. (Pet. at 3)

The Second Court of Appeals summarized the facts of the case as follows:

> On December 16, 2004, Fort Worth Police were called to the home of Fred Sparks by Bernice Haney. Fred was an 82-year old widower who lived alone. Bernice, a friend of Fred, went to check on him after he failed to keep a lunch date. When Bernice arrived at the house she discovered Fred lying on the floor in a pool of blood. His house keys and wallet were missing, and his back door was open. Bernice called the police while trying to administer CPR. Fred was declared dead on the scene by Medstar personnel. The medical examiner determined that Fred died as a result of being shot at close range in the head and neck four times with a small caliber handgun. Fred was also hit in the head with an unknown object. The police found the base to a brass statue lying next to Fred's body.
>
> While investigating the offense, the police canvassed the area, asking neighbors about people they may have seen walking throughout the neighborhood. From this investigation, the police were given the name Tejuna Choyce. Apparently, Choyce frequently walked

---

[1] "05SHR" refers to the state court record of petitioner's state habeas application no. WR-72,576-05.

2

the neighborhood, asking for money and occasionally doing odd jobs for people. Fred had given her money in the past. Choyce shared an apartment with Appellant located less than a mile from Fred's house. Based on statements Choyce made to the police, [petitioner] became a suspect in the murder. [Petitioner] admitted to the police he had pulled a gun on Fred, demanded money, hit him over the head with a brass statue, and shot him to death in order to get the twenty dollars in Fred's wallet.

(05SHR at 125-26)

Petitioner also sought state postconviction habeas relief from his conviction by filing an application for writ of habeas corpus in state court on June 25, 2009,[2] which was denied on April 25, 2012, by the Texas Court of Criminal Appeals without written order on the findings of the trial court. (05SHR at cover) The record of the state habeas proceeding reflects that Choyce was also charged and convicted of murder for her involvement in the offense and is serving a 40-year sentence. (Pet., Ex. A; 05SHR at 73-76) Choyce initially gave statements to law enforcement that petitioner shot the victim. (05SHR at 23-24, 73) However, petitioner presented a letter dated March

---

[2]The prison mailbox rule applies to a petitioner's filing of his state postconviction application, *infra* note 3, however petitioner's state habeas application does not reflect whether it was mailed in the prison mailing system or when it was placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Thus, the mailbox rule is not applied to petitioner's state habeas application.

26, 2007, to the trial court and an affidavit dated April 14, 2009, both by Choyce asserting that she committed the offense alone and that she forged petitioner's names on his written statements. (*Id.* 23-25, 73) On April 7, 2010, Choyce recanted and provided an affidavit to the state's investigator again stating that petitioner had shot and killed the victim. (*Id.* at 74-75) Choyce's mother also provided an affidavit stating that Choyce admitted to her that she lied in her affidavit and statements when accepting responsibility for the murder because she loved petitioner and that petitioner actually shot the victim. (*Id.* at 74-75) The state habeas judge, who also presided over petitioner's trial, found Choyce's March 26, 2007, letter and her April 14, 2009, affidavit "not true or credible" and her April 7, 2010, affidavit credible and supported by the evidence. (*Id.* at 76)

This federal habeas petition was filed on November 15, 2012.[3] Attached to the petition, is an affidavit by Choyce dated August 27, 2012, again accepting responsibility for the shooting and exonerating petitioner. (Pet., Ex. A) Respondent contends

---

[3]Under the prison mailbox rule, a pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

the petition is untimely.

## II. Issues

Petitioner raises three grounds for habeas relief:

(1) He is actually innocent of the offense for which he was convicted and the person who actually committed the offense, Choyce, has twice made a sworn affidavit admitting she committed the offense;

(2) The state engaged in prosecutorial misconduct because the state's investigator threatened Choyce, making her "withdraw" her first affidavit; and

(3) He received ineffective assistance of trial counsel because counsel failed or refused to investigate and interview critical witnesses, specifically Choyce, and had he done so he would have found Choyce committed the offense and forged petitioner's name to statements.

(Pet. at 6-7 & Ex. A)

## III. Statute of Limitations

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Respondent asserts that because this case does not concern subsections (B) through (D), subsection (A) applies, under which petitioner's conviction became final under state law on September 9, 2008, triggering the one-year limitations period, which expired one year later on September 9, 2009, absent any tolling. (Resp't Prel. Resp. at 5) Allowing for 1,036 days of statutory tolling during the pendency of petitioner's state habeas application, respondent asserts the petition was due on or before July 11, 2012, absent a showing that additional tolling as a

6

matter of equity was warranted. (*Id.* at 6)

Petitioner, on the other hand, argues limitations was triggered under subsection (B) because the Tarrant County District Attorney "held his [state] writ application over four years until he could coerce Ms. Choyce to recanting her statement that she acted alone in this offense," and he "had to wait until he got the new affidavit from Ms. Choyce before he could file his federal writ petition." Petitioner also asserts he is actually innocent of the offense and it would be a miscarriage of justice to find the petition time-barred. (Pet'r Objs. at 3-5)

The plain language of subsection (B) makes it clear that whatever constitutes an impediment must prevent a prisoner from *filing* his petition. Nothing prevented petitioner from filing his petition while waiting for the new affidavit. Furthermore, although actual innocence, if proved, can overcome the statute of limitations, petitioner's so-called proof of innocence, Choyce's affidavits, cannot be viewed as convincing or reliable under the circumstances. *McQuiggin v. Perkins*, — S. Ct. —, 2013 WL 2300806 at *1 (U.S. May 28, 2013).

This court agrees that subsection (A) applies in this case and that, for purposes of this provision, petitioner's conviction

7

became final upon expiration of the time that he had for filing a petition for writ of certiorari in the United States Supreme Court on September 9, 2008. Thus, the limitations period began the next day and closed one year later on September 9, 2009, absent any tolling. *Id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.

According to this court calculations, however, petitioner's state habeas application tolled the limitations period 1035 days under § 2244(d)(2), making his federal petition due on or before July 10, 2012. Petitioner has not otherwise alleged or demonstrated rare and exceptional circumstances that would justify equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549, 2560-61 (2010). His *pro se* status and unfamiliarity with the law do not suffice as a basis for equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Although his state habeas proceeding was pending for nearly three years, petitioner was not prevented from asserting his rights and could have filed a protective federal petition and requested a stay.

Therefore, petitioner's federal petition was due on or before July 10, 2012, and his petition filed on November 15, 2012, is untimely.

8

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated his petition is timely and made a substantial showing of the denial of a constitutional right.

SIGNED June ____7____, 2013.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE